# SUPREME JUDICIAL COURT

### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET, MARCH TERM 1844, AT BOSTON.

PRESENT.

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. SAMUEL HUBBARD,

---

JEFFREY R. BRACKETT *vs.* JAMES H. BLAKE & Trustee.

A city officer, who is chosen for a year, subject to be removed from office at any time, at the will of the mayor and aldermen, and whose salary is payable quarterly, may legally make an assignment of a quarter's salary before the quarter expires.

THE city of Boston, being summoned as trustee of Blake, the principal defendant, made answer, by R. D. Harris, city treasurer, to the following effect: That the said Blake, at the time of the service of the process in this case, viz. on the 1st of January 1842, was in the employ of the city, as the city marshal; that his salary was $1000 a year, payable quarterly; and that there was due to him from the city, on that day, the sum of $250, he having received, on the 1st of October 1841, all the salary then due to him: That on the 6th of October 1841, the following instrument was left with said treasurer: "Know all men that I, James H. Blake of Boston, city marshal, for value received, hereby assign and transfer to John G. Toppan of said Boston,

merchant, all claims and demands which I now have, or which, on the 1st day of January next, I may have against the city of Boston, for all sums of money due or to become due to me for services as city marshal of said Boston.   To have and to hold the same to said Toppan, his executors, administrators and assigns, forever.   And I do hereby appoint said Toppan my attorney irrevocable, to do any and all acts and things which he may deem expedient for the more full enjoyment of the premises. October 6th 1841.   James H. Blake."   And that said treasurer indorsed on said instrument, on said 6th of October, a certificate that notice of said assignment had been that day left at his office.

The following provisions of a city ordinance, passed on the 18th of June 1823, were admitted, at the argument, to be in force :   " Sect. 1. The mayor and aldermen shall forthwith, and forever hereafter annually, appoint a city marshal, who shall remain in office until the next annual election, unless removed as hereinafter provided."   " Sect. 6.   The mayor and aldermen may, at any time, by vote, remove from office the city marshal ; and thereupon, or in case of his death or resignation, proceed to appoint a successor, for the residue of the year."

This case was argued in 1843.

*Putnam,* for the plaintiff.   The assignment made by Blake to Toppan was of a possibility without an interest, and therefore void as against the plaintiff's attachment.   By the old common law, a chose in action could not be assigned.   Exceptions have been gradually made, only as public policy and the benefit of trade demanded ;   as in the case of negotiable instruments, and the like.   The common law rule was extended to possibilities ;   and it was early decided that a grant or assignment of goods, not in existence at the time of the grant or assignment, was inoperative. Perk. § 65.   Com. Dig. Grant, D.   2 Story on Eq. § 1039. In process of time, a distinction was made between " mere possibilities " and " possibilities coupled with an interest ; " and this distinction seems still to exist.   3 T. R. 93, per Lord Kenyon. Hob. 132.   Long on Sales, 4.   4 Kent Com. (3d ed.) 144.

By the preponderance of authority, the assignment of an heir's

expectancy does not, as such, pass any interest in the land, though it may, if made for a valuable consideration, be enforced in equity, as a contract, after the estate has descended to the heir. See 2 Story on Eq. § 1040, and cases there cited. *Boynton* v. *Hubbard*, 7 Mass. 112. *Fitch* v. *Fitch*, 8 Pick. 480.

Where a devise is made to A. & B., and if either die without .ssue, then to the survivor, the right of A., during the life time of B., to the estate of B., is a naked possibility, and not assignable . *Jackson* v. *Waldron*, 13 Wend. 178. Possibilities do not pass to the assignee of a bankrupt, under the assignment. Thus a bankrupt's salary as a clerk, and his privilege of receiving a portion of the income of his employer, as compensation, does not pass. *Matter of Brown*, 5 Law Reporter, 121. See also *Krum-·aar* v. *Burt*, 2 Wash. C. C. 406. *Robinson* v. *Macdonnell*, 5 .1. & S. 228.

In the case at bar, there was no " debt to become due." Blake held his office at the will of the mayor and aldermen, and might have been removed at any time, without cause, and without any remedy on his part. There was no reciprocity in the contract between him and the city. He therefore assigned a mere possibility — a precarious claim, depending on the motion of the city government. As far as there was a contract between him and the city, it was a contract for a year's service, payable quarterly ; and he must have served one quarter, at least, before anything would be due to him. If he had been removed from office before the 1st of January 1842, nothing would have been due to him. *Stark* v. *Parker*, and *Moses* v. *Stevens*, 2 Pick. 267, 332. *Willington* v. *Inhabitants of West Boylston*, 4 Pick. 101. *Robinson* v. *Hall*, 3 Met. 301.

In *Chandler* v. *Parker & Trustee*, in the court of common pleas, July term 1840, *Williams*, C. J. decided, where a schoolmaster was appointed for a year, subject to removal at any time, with a salary payable quarterly, that until he had performed a quarter's service, his salary could not be attached by the trustee process.

If the city had *accepted* Blake's assignment, and thus become liable, the case might have been brought wi hin the principle of

VOL. VII.         29

the decisions in which the court has sustained assignments of "debts to become due" and "contingent debts."

The assignment in this case is void, being against public pol icy. Suppose the city marshal should assign his salary for a year, or for a quarter, to the mayor, or to an alderman, would not the assignee have a personal interest in retaining the marshal in office, though not faithful, until the assigned salary should be-come due? See 1 Story on Eq. § 295. If this assignment is supported, what will prevent any man from assigning his future earnings, for five or ten years? Yet *such* an assignment would seem to be clearly fraudulent as to creditors who may have given him credit upon the faith of appearances held forth. Again; the present case seems to be within the rule of the common law, that the assignment of the pay of officers in the public service, judges' salaries, and pensions, is void. *Flarty* v. *Odlum*, 3 T. R. 681. *Lidderdale* v. *Duke of Montrose*, 4 T. R. 248. *Stone* v. *Lidderdale*, 2 Anst. 533. *Davis* v. *Duke of Marlborough*, 1 Swanst. 79. *M'Carthy* v. *Goold*, 1 Ball & Beat. 389. *Wells* v. *Foster*, 8 Mees. & Welsb. 149. The *attachment* of salaries, &c., by the trustee process, is authorized by statute, contrary to the principles of the common law. And in the case at bar, the attachment was not made till the salary became due for past services.

*E. G. Austin*, (City Attorney,) for the trustee. The rule of law, as to what may be assigned or sold, has been extended of late; and all that is now necessary is, that the thing contracted for should have an actual or potential existence. A single hope or expectation of means founded on a right *in esse* may be the subject of sale; as the next cast of a fisherman's net, or fruits or animals not yet in existence, or the good will of a trade. 2 Kent Com. (4th ed.) 468, & *note. Gardner* v. *Hoeg*, 18 Pick. 170.

The future earnings of a party to a contract may be assigned. *Weed* v. *Jewett*, 2 Met. 608. *Carrique* v. *Sidebottom*, 3 Met. 297. And there was a perfect contract between the city and Blake when the assignment in question was made by him. Nothing appears which makes this an entire contract for a year

In *Crocker* v. *Whitney*, 10 Mass. 319, the court say, "nor does

it make any difference, if, instead of a debt now due, the assignment is of money which is expected to become due, at a future day, to the assignor." See also *Clarke* v. *Adair*, cited by Buller, J. in 4 T. R. 343. *Cutts* v. *Perkins*, 12 Mass. 206, 211.

In *Chandler* v. *Parker*, cited for the plaintiff, nothing was decided which affects the present question. It was merely held that a salary not due could not be attached on the trustee process. It is true that Parker had assigned his salary ; but not until after the attachment ; so that the assignment was not drawn into question.

The English law on the assignment of officers' pay, &c., has not been introduced into this Commonwealth ; on the contrary, our laws permit such assignments. For why should an officer's salary be attachable by his creditors, if he may not assign it to pay them ?

The court, by sustaining this assignment, would not sanction an assignment, by the city marshal, of his salary for many years to come, because, as he is elected annually, an assignment before his election would be an attempt to transfer "a possibility without an interest."

SHAW, C. J. The quarter's salary of the city marshal, which was to become due on the 1st of January 1842, was a possibility coupled with an interest, and, as such, capable of being assigned. He is chosen for a year ; and the fact, that he was liable to be removed at the will of the mayor and aldermen, merely made the contract defeasible. But a defeasible or voidable contract in force is a good ground upon which an interest may be raised, until defeated. A tenant at will has an interest in the soil and its produce, until the determination of the tenancy by one of the parties. One who holds land by grant, on a condition subsequent, has a full dominion over the land, and its rents and issues, until the happening of the condition.

In the case decided by *Williams*, C. J. it was merely held that an *attachment* of a schoolmaster's salary would not hold, if made before a quarter's salary was due ; because, at the time of the attachment it was not due, and of course there was no *credit* to be attached, even if the contract for a year's service was not

entire and indivisible, as the judge was inclined to think it The validity of the assignment, in that case, was not in question, because the assignment was made after the attachment.

*Trustee discharged.*